## SUPREME COURT.

### JOHN DENITHORNE agt. WILLIAM DENITHORNE.

The statements in the complaint in this case, constituting the cause of action of the plaintiff, and which were objected to as insufficient, were *held*, on motion strike out, to be sufficient.

The first portion objected to was considered clearly proper. The second was but giving the defendant more distinct notice of the nature of the proof to be given against him, by statements of greater particularity, which did not seem to be of a character likely to injure him seriously, if at all. The third required some allegation of the kind to a complete statement of the plaintiff's cause of action, though it was somewhat indirect, and might have been made more explicit, and more in accordance with established precedents.

(The complaint, with the objectionable portions indicated, is given entire.)

*Brooklyn Special Term, February,* 1857.

MOTION to strike out parts of complaint. The complaint is as follows:

[*Title of Cause.*] The plaintiff in this action avers that in the early part of the year 1850, he and the said defendant jointly undertook the building of a church in the city of New-London, in the state of Connecticut, for a congregational society in said city, and that the said plaintiff and defendant commenced their work upon, and for the purpose of erecting, the said church, in the month of April, 1850, and the building and erecting of the said church, by the said parties, occupied until on or about the first of January, 1852.

And the plaintiff also avers that during the same time, the said parties to this action, jointly undertook to perform certain work, and furnish certain materials for two certain dwelling-houses in the said city of New-London.

This plaintiff says that he has not, at any time heretofore, been in copartnership with the said defendant, but only jointly interested with him in relation to the matters aforesaid.

And this plaintiff says that the work done, and materials found in and about the building of said church, by the said par-

ties to this action, amounted in the whole to the sum of sixteen thousand two hundred and ninety six dollars and ninety-eight cents in value, and that the materials furnished, and the work done by the said parties, in and about the building of the said two dwelling-houses, amounted to the sum of one thousand seven hundred and six dollars, and eighty-eight cents.

And the plaintiff says that the whole of said two sums for said work and materials were paid to the said parties to this action, the said defendant receiving almost the whole thereof in behalf of and for himself and this plaintiff.

This plaintiff also says that he furnished one-half of the funds and means at and for the commencement of the said work, and that the defendant furnished the other half thereof; and that the plaintiff also furnished from time to time during the continuance of the said work, various tools, steel for the making and repairs of tools, and also money for the payment of men employed on, and for the benefit of the said parties in relation to and for forwarding said work.

And the plaintiff says that he hath not received any money on account of the said work and materials, except what he paid, laid out and expended for work and labor, and materials done and furnished in upon, and for the forwarding of the said undertakings of the plaintiff and defendant, and for board, except about the sum of ten dollars; and plaintiff says that he paid out and expended of his own private funds for the use and benefit of himself and the said defendant, in carrying forward their said undertakings, the sum of three hundred dollars, at the least, in the payment for labor, materials and implements, and the repairs thereof, done, expended and used in, upon and about the said undertakings of the parties to this action.

And the plaintiff says that said defendant received a very large proportion of all the money paid for the said work and materials, done and furnished by the said plaintiff and defendant as aforesaid. * And that he appropriated large sums thereof to other purposes than to the joint benefit of

the parties to this action. *   * The plaintiff has been informed and believes, and upon his information and belief, says that said defendant applied large sums by him received for said work and materials, in payment of dues from said defendant, and one Beard, with whom defendant was connected in some public work or employment. *   * And the plaintiff further says upon his information and belief, that said defendant hath in other ways, the particulars of which this plaintiff has not been able fully to ascertain, applied other large sums of the money belonging to the said plaintiff and defendant, jointly, on account of the said work done, and materials furnished by them as aforesaid, to the payment of liabilities by the said defendant incurred entirely outside of the said joint affairs of the plaintiff and defendant. *

The plaintiff further says that he has often requested, and demanded of the defendant to render an account of the moneys received by him, for and on account of the work and materials so performed and furnished by the said parties to this action, and demanded a settlement of the accounts between them ; all and every of which requests and demands, the said defendant hath neglected and utterly refused to comply with.

And the plaintiff further says on his information and belief, that there has come to the hands of the defendant, at least the sum of two thousand dollars, over and above what has been paid by the said defendant for labor, work and materials furnished to the said parties to this action, by any and every person and persons whomsoever, (except the said parties to this action) in prosecuting the joint undertakings of the parties to this action hereinbefore mentioned.

The plaintiff, therefore, demands that the said defendant account to this plaintiff for all and every sum and sums of money, matter and thing by him received on account of, or for the benefit of the parties to this action in relation to their said joint undertakings, and for judgment final against said defendant for one thousand dollars, with interest thereon from the first day of January, 1853, besides the costs of this action.

[Between the several stars thus * are contained the objectionable portions.]

BILLINGS, TALCOTT & HUGHES, *for defendant.*
MORSE & SYNDE, *for plaintiff.*

BIRDSEYE, Justice.    The first clause objected to in the complaint, is proper, and must stand.    The next allegation, as to the payment of dues incurred by the defendant and Beard, is not, perhaps, strictly proper.    It should have been an averrment that defendant applied these moneys to his own individual use and benefit.    The greater particularity employed, does not seem to be of a character likely to injure the defendant very seriously, if at all.    It is but giving him more distinct notice of the nature of the proof to be given against him.    I do not see how he is " aggrieved thereby." (*See Clarke* agt. *Harwood,* 8 *How. Pr. R.* 470.)

The next paragraph objected to is, in substance, an allegation that defendant applied other moneys of the parties jointly, to his own exclusive use.    Some allegation of that kind was necessary to a complete statement of the plaintiff's cause of action.    Though the statement is somewhat indirect, and might have been made more explicit, and more in accordance with established precedents, I am inclined to hold it sufficient. The motion must be denied, but without costs.